FILED
MAY 0 3 2005
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| LOT 402 L.L.C., | No. 2-03-bk-09703-JMM |
| Debtor. | Adversary No. 2-04-ap-00606-JMM |
| LOT 402 L.L.C., | |
| Plaintiff, | **MEMORANDUM DECISION** |
| vs. | |
| MOSSMAN BROTHERS POOLS, INC., | |
| Defendant. | |

## FACTS

The Debtor filed its chapter 11 proceeding on June 5, 2003. Its plan was confirmed on April 13, 2004. As part of its case, Debtor filed an adversary amended complaint against Mossman Brothers Pools, Inc. ("Mossman") on June 21, 2004. The essence of the complaint was to avoid a materialman's lien filed against Lot 402, Desert Highlands Phase I, recorded Book 248 of Maps, Page 31, Maricopa County, Arizona. Mossman answered, contesting the plaintiff's allegations.

After plaintiff filed a motion for summary judgment, and after it was argued but before a ruling was announced, the parties filed a motion to approve a settlement, on January 6, 2005 (Dkt. #16).

The settlement motion noted that the parties thereto were Debtor, Mossman, and Excelsior Development. Excelsior had not previously been named as a party to the litigation, but is an affiliated entity with the Debtor. The settlement motion's essence was that the principal two parties would split equally the $33,000 of the proceeds from the sale of the disputed lot to which the disputed lien had attached, namely Lot 402.

h:\wp\orders\lot402

This settlement motion was noticed out to Mossman's attorneys on January 6, 2005. Attached to it was a form "Settlement Agreement and Mutual Releases" which, in pertinent part, stated:

> 4. Mossman hereby expressly waives, releases, and absolutely discharges any and all claims, demands, and causes of action of any kind, whether known or unknown, which Mossman has, or ever has had, against the Debtor and Excelsior.

The settlement document was unsigned.

On the same day, January 6, 2005, Debtor's counsel mailed a notice of bar date and time for filing objections to Mossman's attorneys. All parties on the master mailing list were also sent copies of this document.

On January 27, 2005, not having received any objections, the Debtor asked the court to sign the order approving settlement. The court did so on February 10, 2005, and specifically noted that the settlement agreement was between "Debtor, Excelsior Development Corporation and Mossman Brothers Pools, Inc." (Ads. Dkt. #20). It should be noted, however, that Excelsior was not named as a party to the adversary proceeding which was being settled.

The court's February 10, 2005, order was not appealed, no motions to alter or amend under FED R. BANKR. P. 9023 were filed, and no motions for relief under FED R. BANKR. P. 9024 from the order are pending. Thus, the order is a final order of this court.

Mossman then refused to consummate the settlement agreement, as ordered by the court, unless certain clarifications were made to it. This dispute then resulted in the Debtor's filing a motion to enforce the settlement agreement.

The changes sought by Mossman were that its agreement to compromise the Lot 402 dispute was specifically limited to the lien problems associated with that lot only. At the time of the settlement approval, Mossman had a pending Superior Court lawsuit against parties--other than the Debtor--for pools installed in the following lots, none of which are owned by the Debtor:

Lot 24, Hillside Villas

Lot 385, Desert Highlands

Case 2:04-ap-00606-JMM   Doc 27   Filed 05/03/05   Entered 05/11/05 12:44:14   Desc
Main Document    Page 2 of 4

Lot 1, Desert Highlands

Lot 270, Desert Highlands

Lot 364, East Desert Highlands

That same state court lawsuit also contained a claim against the Debtor's asset and the subject of its adversary complaint, Lot 402, Desert Highlands.

## ANALYSIS

The court agrees with Mossman. The settlement approved by the bankruptcy court was intended to only affect the parties' rights as to the proceeds relating to Lot 402. Only the issues relating to that lot, and any party associated therewith (including Excelsior) was to be affected by the settlement.

Mossman is free to continue its litigation in state court relating to its work on Lots 1, 24, 270, 364, and 385. Only Lot 402 has been resolved and is no longer an issue in that state court proceeding. Of course, the permanent injunction and/or the terms of the Debtor's plan affect whether the Debtor is still a party to that state court litigation. Paragraph 4 of the settlement agreement affects Mossman's rights against Excelsior and the Debtor as to Lot 402 only. That is all Mossman bargained for, all that the parties intended, and all that the instant adversary proceeding was about. Any attempt to limit Mossman's legal rights against other lots and other non-debtor parties, other than as to Lot 402, fails for lack of due process--both procedural and substantive.

The parties shall split the proceeds of Lot 402 as envisioned by the settlement agreement order, $16,500 each. That disposition will end the controversy. All controversies over Lot 402 will thereby be terminated once and for all.

1         When that is done, Plaintiff shall dismiss the instant case. Mossman shall prepare a form
2 of order consistent with this ruling. Each party shall bear their own costs and fees.

4         DATED: May **3**, 2005.

                                             */s/ James M. Marlar*
                                        JAMES M. MARLAR
                                        UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this **3**
day of May, 2005, upon:

Mark W. Roth
Hebert Schenk, P.C.
4742 N. 24th St., Suite 100
Phoenix, AZ 85016
Email mwr@hs-law.com
Attorneys for Debtor/Plaintiff

Craig J. Bolton
James L. Csontos
Jennings Haug & Cunningham
2800 N. Central Ave., Suite 1800
Phoenix, AZ 85004
Email cjb@jhc-law.com
Email jlc@jhc-law.com
Attorneys for Defendant

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ MB Thompson
    Judicial Assistant